CATHERINE A. CONWAY (SBN 98366)
GARY M. MCLAUGHLIN (SBN 217832)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone:    310.229.1000
Facsimile:     310.229.1001
cconway@akingump.com
gmclaughlin@akingump.com

Attorneys for Defendant
ZALE DELAWARE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN ALDARONDO, an individual,<br><br>                    Plaintiff,<br><br>     v.<br><br>ZALE DELAWARE, INC., a Delaware corporation; and DOES 1 - 25, inclusive,<br><br>                    Defendants. | Case No.  SACV 09-0719 JVS (ANx)<br><br>**RULE 26 JOINT REPORT**<br><br>Scheduling Conf.: October 19, 2009<br>Time:                    10:30 a.m.<br>Place:                   Room 10C<br><br>Date Action Removed:   June 17, 2009<br>Date Action Filed:         May 14, 2009 |

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and the Court's Scheduling Conference Order, defendant Zale Delaware, Inc. ("Defendant") and plaintiff Ruben Aldarondo ("Plaintiff"), through their counsel of record, conferred as required on September 21, 2009 and provide as follows:

a.  Synopsis

Plaintiff Ruben Aldarondo is a former store manager for Defendant's Zales Jewelers brand. Plaintiff alleges that he was discriminated against and wrongfully terminated because of his age and/or ethnic origin and/or disabilities or perceived disabilities and/or his complaints to Defendant about possible Labor Code violations.

Defendant denies Plaintiff's allegations, and contends that he was terminated because of performance and conduct problems, and not because of any protected status or discriminatory motive.

b.  Legal Issues

The primary legal issues include whether Plaintiff can establish the *prima facie* elements of his claims for discrimination and retaliation, whether Defendant has articulated legitimate non-discriminatory reasons for its termination of Plaintiff, and whether Plaintiff has shown that Defendant's articulated non-discriminatory reasons were pretextual. Other issues include whether Plaintiff has suffered damages as a result of Defendant's alleged conduct, and whether Plaintiff has adequately mitigated any damages to which he may be entitled.

c.  Damages

Plaintiff seeks damages for lost earnings and benefits according to proof until he is able to mitigate. He seeks general compensatory damages for mental and physical pain and suffering in an amount according to proof. He seeks special damages for medical expenses related to treatment. He also seeks punitive damages. Under FEHA he is also entitled to reasonable attorneys fees and costs (including those of experts) if he prevails at trial.

d.    <u>Insurance</u>

Defendant does have employment practices liability insurance coverage for discrimination and wrongful termination claims. There is no reservation of rights.

e.    <u>Motions</u>

The parties do not currently anticipate any motions seeking to (i) add other parties or claims; (ii) file amended pleadings; or (iii) transfer venue.

f.    <u>Discovery and Experts</u>

The parties do not request any changes in the disclosures under Rule 26(a). The parties agree to exchange initial disclosures pursuant to Rule 26(a)(1) on or before October 19, 2009.

Plaintiff and Defendant plan to serve written discovery on the following subjects, among others: the incidents concerning plaintiff's allegations or wrongful termination, discrimination, and retaliation, and the circumstances of Plaintiff's employment and the reasons for his termination.

Defendant plans to depose Plaintiff, and possibly other witnesses that may be identified.

Plaintiff anticipates taking the depositions of Defendant's employees involved in the decision to terminate as disclosed in discovery and possibly Plaintiff's former manager(s).

To date, the parties have scheduled the deposition of plaintiff for November 20, 2009. Defendant has served an initial set of requests for production, due November 9, 2009.

At this time, the parties do not propose any changes to the limitations on discovery or that any other limitations be imposed, and do not see any need for discovery to be conducted in phases or focused on particular issues.

The parties do not currently propose that the Court enter any discovery orders. However, if the need for a protective order arises, the parties will meet and confer and propose one as soon as possible.

g.   Dispositive Motions

Defendant anticipates that it may bring a motion for summary judgment on plaintiff's discrimination, retaliation, and wrongful termination claims, which it will assess after completing plaintiff's deposition.

h.   Settlement and Settlement Mechanism

The parties have not yet held settlement discussions. The parties plan to meet and confer to discuss settlement after conducting their initial discovery. If necessary, the parties propose using Settlement Procedure No. 3 (private mediation).

i.   Trial Estimate

Plaintiff requests a trial by jury. The parties estimate at this time that trial will take approximately five days. Defendant does not contemplate calling a large number of witnesses, but is unable to determine which and how many witnesses will be necessary until conducting further investigation and discovery into the nature of Plaintiff's claims.

j.   Timetable

See Exhibit A, attached.

k.   Other Issues

The parties are not currently aware of other significant issues affecting the status or management of the case.

l.   Conflicts

Zale Delaware, Inc. is a subsidiary of Zale Corporation. Other affiliates and subsidiaries include Zale International, Inc., Zale Canada Holding LP, and Zale Funding Trust. Its brands include Zales Jewelers, Zales Outlet, Gordon's Jewelers, Peoples Jewellers, Mappins Jewellers, Piercing Pagoda, Plumb Gold, Silver & Gold Connection, and Totally Pagoda.

m.   Patent Cases

Not applicable.

n.  <u>Magistrates</u>

The parties do not wish to have a Magistrate Judge preside.

Dated: October 12, 2009        AKIN GUMP STRAUSS HAUER & FELD LLP

By _____
        Gary M. McLaughlin
Attorneys for ZALE DELAWARE, INC.

Dated: October 12, 2009        CALLANAN, ROGERS & DZIDA

By _____
        Robert Hampton Rogers
Attorneys for Plaintiff RUBEN ALDARONDO

4
RULE 26 JOINT REPORT

## JUDGE JAMES V. SELNA
## PRESUMPTIVE SCHEDULE OF PRETRIAL DATES

| Matter | Time | Weeks before trial | Plaintiff's Request (Fill in specific date) | Defendant's Request (Fill in specific date) | Court Order |
|---|---|---|---|---|---|
| Trial date (jury) (court) Estimated length: 5 days | 8:30 a.m. (Tuesdays) | | 5/4/10 | same | |
| [Court trial:] File Findings of Fact and Conclusions of Law and Summaries of Direct Testimony | | -1 | | | |
| Final Pretrial Conference; Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed-to Statement of Case | 11:00 a.m. (Mondays) | -2 | 4/19/10 | same | |
| Lodge Pretrial Conf. Order File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | | -3 | 4/12/10 | same | |
| Last day for hand-serving Motions in Limine | | -5 | 3/29/10 | same | |
| Last day for hearing motions | 1:30 p.m. (Mondays) | -7 | 3/29/10 | same | |
| Last day for hand-serving motions and filing (other than Motions in Limine) | | -11 | 3/1/10 | same | |
| Non-expert Discovery cut-off | | -15 | 2/15/10 | same | |

### ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

L.R. 16-14 Settlement Choice:  (1) CT/USMJ  (2) Atty  (3) Outside ADR  (4) Settlement Panel

| Matter | | | | | |
|---|---|---|---|---|---|
| Expert discovery cut-off | | | | | |
| Rebuttal Expert Witness Disclosure | | | | | |
| Opening Expert Witness Disclosure [See F.R.Civ.P. 26(a)(2)] | | | | | |
| Last day to conduct Settlement Conference | | | ▓▓▓ | ▓▓▓ | |
| Last day to amend pleadings or add parties | | | ▓▓▓ | ▓▓▓ | |

# EXHIBIT A